El Pueblo de Puerto Rico, demandante y apelado, *v.* Juan Estrella, acusado y apelante.

No. 4603.—*Resuelto:* Diciembre 22, 1933.

*Arturo Aponte,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EN MOCION DE RECONSIDERACION

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

El acusado solicita la reconsideración de nuestra sentencia, alegando que hemos debido revocar la que dictara la corte inferior por su instrucción al jurado sobre la supuesta huída del acusado, por haber omitido en las instrucciones la declaración de Basilio Delgado, por la instrucción sobre defensa propia y por haber incurrido la corte inferior en parcialidad, pasión y prejuicio.

Los dos primeros motivos de error deben desestimarse de acuerdo con la doctrina recientemente sentada en el caso de *El Pueblo de Puerto Rico* v. *Ramón Maldonado,* ante, pág. 417.

En cuanto a la instrucción sobre defensa propia, dijimos en nuestra opinión lo que sigue:

" . . . Aun cuando la defensa tenga razón en sus objeciones con respecto al informe de la corte al jurado sobre defensa propia, consi-

deramos que esta instrucción no tiene la importancia que se le atri-
buye en este caso especial en que el propio acusado, lejos de admitir
que diera muerte a Matilde López, declara que no tenía armas y que
Matilde se hirió a sí mismo cuando se le pegó su propia navaja en la
lucha y resbalaron, y parece ser que ahí se cortó. No es éste el caso
de una persona que alega haber matado para defenderse porque se
creyera en peligro de muerte o de grave daño corporal. El acusado,
en su testimonio, no toma como defensa para defenderse el peligro
real o aparente, desde el momento en que no admite haber matado.
El testimonio del acusado le hubiese eximido de responsabilidad de
haber sido creído por el jurado, ya que sus palabras tienden a demos-
trar que no fué autor de la muerte de Matilde López. El jurado,
apreciando toda la prueba practicada, rindió, sin embargo, un vere-
dicto de culpabilidad.''

El acusado entiende que la teoría de la defensa propia
no resulta infundada y en apoyo de su contención copia de
su testimonio lo que sigue:

''Lic. Aponte:
''¿Cuando usted dijo o le comunicó al señor Fiscal que Matilde
López le infirió esa herida, que había sido con la porpia mano de él,
usted podría decirle a los Señores del Jurado, si fué la mano sola de
él la que le causó la herida o si fué la mano de él impulsada por
usted?
''Sí, señor, impulsada por mí.''

Esta repregunta la formuló el abogado del acusado des-
pués de haber descrito el testigo, a preguntas del fiscal, la
lucha que tuvo con Matilde López, y de haber declarado que
no tenía armas y que había sido herido por el interfecto.
Copiamos parte del testimonio del acusado a preguntas del
fiscal.

''P. ¿Qué hizo usted al cortarse?
''R. Me cogí la mano así.
''P. ¿Y qué más pasó?
''R. Que cuando yo sentí que me corté, lo empuñé y le llevé la
mano así al cuello.
''P. ¿Y qué pasó entonces? ¿Usted le pegó la navaja y él hizo
así hasta que se cortó?
''R. En la lucha que teníamos, resbalamos y parece ser que ahí
se cortó.

"P. ¿De manera que fué un solo golpe que hizo así tirándose encima de la navaja, teniendo que cortarse en ese sitio?

"R. Yo no sé porque estando en la lucha fué que salió herido.

"P. ¿Teniendo cogida la navaja con la otra mano, dónde están las heridas que usted le enseñó a los Jurados?

"R. Aquí.

"P. ¿Estas cositas tan chiquitas arriba de la mano, cómo pudo causárselas si tenía la navaja así?

"R. Seguramente que es porque antes de eso, él me había dado estas heridas en la lucha.

"      *          *          *          *          *          *          *

"P. ¿Es un hecho cierto o no que usted vió muerto a Matilde López?

"R. No, señor, yo no lo ví muerto.

"P. ¿Pero usted no lo vió caer al suelo?

"R. No, señor.

"P. De modo que usted no lo hirió sino que el que se hirió fué él con su propia navaja en la lucha con usted?

"R. Sí, señor."

Obsérvese que la pregunta dirigida al acusado por su abogado parece más bien referirse a la herida que dicho acusado dice le fué inferida por el interfecto; pero aunque así no fuese, si en la lucha Matilde López se hirió con su propia arma, como dice el acusado, el hecho de que no fuese la sola mano de López la que causó la herida, sino que intervino también el impulso del acusado, no demuestra que éste actuara voluntariamente y que hubiese sido autor de la muerte de Matilde López ni que el peligro real o aparente tuviese nada que ver con el movimiento de sus manos. Como ya dijimos antes, de haber creído el jurado el testimonio del acusado habría tenido que exonerarlo de toda culpa, no porque hubiese matado a Matilde López en defensa propia, sino porque dicho testimonio tiende a demostrar que no fué autor de esa muerte.

Recuérdese además que ya el acusado anteriormente había declarado que Matilde López se hirió con su propia navaja en la lucha y que cuando ambos resbalaron parece ser que ahí se cortó. En cuanto a la alegación de que el juez de

la corte inferior actuó movido por parcialidad, pasión y prejuicio, ratificamos el criterio expuesto en nuestra opinión.

*No ha lugar a la reconsideración solicitada.*